# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK WILLIAMS, | 1:07-cv-00083-SMS-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF |
| v. | (Doc. 15.) |
| DEPT. OF CORRECTIONS STAFF, et al., | |
| Defendants. | |

Plaintiff Patrick Williams ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on January 17, 2007. (Doc. 1.) On November 21, 2008, the court dismissed the complaint, based on plaintiff's failure to state a claim, with leave to amend. (Doc. 14.) On December 5, 2008, plaintiff filed an amended complaint and a motion for preliminary injunctive relief. (Docs. 15, 16.) Plaintiff's motion for preliminary injunctive relief is now before the court.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air

1  Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must
2  demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the
3  plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must
4  demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."
5  Id.

6  Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must
7  have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103
8  S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and
9  State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d
10 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has
11 no power to hear the matter in question. Id. Thus, "[a] federal court may issue an injunction [only]
12 if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may
13 not attempt to determine the rights of persons not before the court." Zepeda v. United States
14 Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

15 In a separate order, the court dismissed plaintiff's amended complaint for failure to state a
16 claim against any defendant, based on plaintiff's failure to name any defendant in the amended
17 complaint. Plaintiff has been granted leave to file a second amended complaint within thirty days.
18 At this juncture, the court does not yet have before it an actual case or controversy, nor does the court
19 have jurisdiction over any of the defendants in this action. Zepeda, 753 F.2d at 727.

20 Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's motion for preliminary
21 injunctive relief, filed December 5, 2008, is DENIED.

24 IT IS SO ORDERED.
25 **Dated:   March 25, 2009**               /s/ Sandra M. Snyder
                                           UNITED STATES MAGISTRATE JUDGE