1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9    PATRICK WILLIAMS,                           CASE NO. 1:07-cv-00083-SMS PC

10                        Plaintiff,             ORDER DENYING PLAINTIFF'S MOTION
                                                 FOR THE APPOINTMENT OF COUNSEL,
11          v.                                   AND DISMISSING ACTION, WITH
                                                 PREJUDICE, FOR FAILURE TO STATE A
12   DEPARTMENT OF                               CLAIM UNDER SECTION 1983
     CORRECTIONS, et al.,
13                                               (Doc. 22)
                         Defendants.
14   _____/

15
16                                  **Screening Order**

17   **I.       Screening Requirement**

18          Plaintiff Patrick Williams, a state prisoner proceeding pro se and in forma pauperis, filed this

19   civil rights action pursuant to 42 U.S.C. § 1983 on January 17, 2007.  Now pending before the Court

20   is Plaintiff's second amended complaint, filed April 20, 2009.

21          The Court is required to screen complaints brought by prisoners seeking relief against a

22   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

23   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

24   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

25   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

26   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

27   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

28   claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

                                                   1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct, Iqbal, 129 S.Ct. at 1950, and while factual allegations are accepted as true, legal conclusion are not, id. at 1949.

## II.   Discussion

### A.   Summary of Procedural History

This action has been pending for almost four years, during which time Plaintiff has been incarcerated at California State Prison-Represa, also known as New Folsom State Prison.  Plaintiff's original complaint set forth claims arising from events at New Folsom and at the California Substance Abuse Treatment Facility and State Prison.  The Court dismissed that complaint on November 21, 2008, for failure to comply with Federal Rule of Civil Procedure 8(a).

Plaintiff's first amended complaint was filed on December 5, 2008, and it set forth a claim against the California Court of Appeal, Third Appellate District.  The amended complaint was dismissed on March 27, 2009, for failure to state any claims upon which relief may be granted.

Plaintiff's second amended complaint, filed April 20, 2009, sets forth claims exclusively against staff at New Folsom.  Plaintiff seeks damages, equitable relief, and the appointment of counsel; and names Warden Jimmy Walker, Captain D. Leiber, and Correctional Officers R. Miranda, B. Bishop, C. L. Cannedy, and B. Mandeville as defendants.  Plaintiff alleges claims for violation of the First Amendment, the Eighth Amendment, and the Due Process Clause of the Fourteenth Amendment.  Plaintiff's claims arise out of retaliation against him, the denial of due process in conjunction with his placement in administrative segregation, and the disregard of his safety and medical needs.  Plaintiff also alleges improprieties regarding his prison grievances.

///

**B.      Second Amended Complaint**

**1.      Motion for Appointment of Counsel**

Attached to Plaintiff's second amended complaint is a motion seeking the appointment of counsel.  Plaintiff does not have a constitutional right to the appointment of counsel in this action. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981).  The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist.  Palmer, 560 F.3d at 970; Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1981).  In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.  Palmer at 970 (citation and quotation marks omitted); Wilborn, 789 F.2d at 1331.  Neither consideration is dispositive and they must be viewed together.  Palmer 560 F.3d at 970 (citation and quotation marks omitted); Wilborn 789 F.2d at 1331.

In the present case, the Court does not find the required exceptional circumstances.  In light of the findings in this screening order and the opportunities to amend previously extended to Plaintiff, the Court cannot find that Plaintiff is likely to succeed on the merits.  Further, although Plaintiff is proceeding pro se and is incarcerated, a review of the record in this case does not support a finding that Plaintiff lacks the ability to adequately articulate his claims.  Therefore, Plaintiff's request for the appointment of counsel is denied.

**2.      Deficiencies in Second Amended Complaint**

Under section 1983, Plaintiff is required to show that (1) each defendant acted under color of state law and (2) each defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  Plaintiff is required to set forth sufficient factual allegations demonstrating each defendant's personal participation in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Because there is no respondeat superior liability under section 1983, each defendant is only liable for his or her own misconduct.  Iqbal, 129 S.Ct. at 1948-49.

///

Although Plaintiff complains generally that his rights were violated, he fails to set forth sufficient facts supporting his claims that his constitutional rights were violated or that the defendants named in his second amended complaint were responsible for those violations. Specifically, although Plaintiff alleges that he was retaliated against, his second amended complaint fails to include any facts supporting a claim that any of the named defendants took adverse action against him because he engaged in conduct protected under the First Amendment, and that such adverse action chilled the exercise of his First Amendment rights and did not reasonably advance a legitimate correctional goal. Brodheim v. Cry, 584 F.3d 1262, 1270 (9th Cir. 2009); Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff also alleges that he was subjected to unsafe conditions of confinement and that his medical needs were disregarded.  Those claims arise out of the confiscations of Plaintiff's neck brace, orthopedic appliances, and ace bandages following his placement in administrative segregation.  Plaintiff also includes vague, confusing allegations regarding a "lobotomy chemical used for electronic devices uses in ear horns and cerebellum spinal cord." (Doc. 22, 2nd Amend. Comp., court record p. 13.) However, Plaintiff's allegations fall well short of supporting a claim that any of the named defendants knowing disregarded a substantial risk of harm to Plaintiff's health or safety. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Further, although Plaintiff alleges that he was denied due process, Plaintiff fails to allege any facts demonstrating that he was deprived of a protected liberty interest without the procedural process he was due under federal law.  Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005); Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995).  Assuming a due process claim may be premised on the issuance of a false rules violation report, as is alleged, even in the absence of a protected liberty interest, Nonnette v. Small, 316 F.3d 872, 878-79 (9th Cir. 2002); Burnsworth v. Gunderson, 179 F.3d 771, 774-75 (9th Cir. 1999), there are insufficient facts supporting such a claim and none of the named defendants are linked, Iqbal, 129 S.Ct. at1949-50.

Finally, the failure to process or properly resolve Plaintiff's grievances, alleged very generally in the second amended complaint, provides no basis for the imposition of liability under section

1983.  The existence of a grievance procedure does not create any substantive rights enforceable under the Due Process Clause, Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001), and although Plaintiff references his right of access to the courts, there are no facts suggesting Plaintiff suffered any actual injury to qualifying litigation as a result of some act or omission relating to the grievance process, Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179 (2002); Lewis v. Casey, 518 U.S. 343, 351-55, 116 S.Ct. 2174 (1996).

Plaintiff was previously notified of the need to allege facts linking the defendants named in the action to the events which violated his constitutional rights.  However, Plaintiff's second amended complaint still suffers from the same linkage deficiencies, in addition to the fact that Plaintiff's factual allegations do not otherwise state any claims for relief under section1983. Therefore, dismissal of this action for failure to state a claim is appropriate.

**III.    Conclusion and Order**

Plaintiff's second amended complaint fails to state any claims upon which relief may be granted under section 1983.  Plaintiff was previously given notice of the deficiencies and the opportunity to amend, and based on the record in this case, further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY ORDERED that:

1.    Plaintiff's motion for the appointment of counsel is denied;

2.    This action is dismissed, with prejudice, for failure to state any claims under section 1983;

3.    This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g); and

4.    The Clerk's Office shall enter judgment.

IT IS SO ORDERED.

**Dated:    January 12, 2011              /s/ Sandra M. Snyder**
                                    UNITED STATES MAGISTRATE JUDGE